BALL, The DANIEL. See Case No. 3,564.

BALLANCE, (FORSYTHE v.) See Case No. 4,951.

———

## Case No. 816.

### In re BALLARD et al.

[2 N. B. R. 250, (Quarto, 84;) 1 Chi. Leg. News, 103.]

District Court, D. Connecticut. 1868.

BANKRUPTCY — SUSPENSION OF PAYMENT OF COMMERCIAL PAPER.

[The suspension of payment of commercial paper for 14 days is prima facie evidence of fraud, and casts the burden of proof on the debtor. In the absence of explanatory proof, such suspension is to be deemed fraudulent, within the meaning of the bankruptcy act of March 2, 1867, (14 Stat. 517, c. 176.)]

   [Cited in Re Hercules Mut. Life Assur. Soc., Case No. 6,402; Baldwin v. Wilder, Id. 806.]

   [See Hensheimer v. Shea, Case No. 6,328; Ex parte Thompson, Id. 13,936; Ex parte Hollis, Id. 6,621; Ex parte Weikert, Id. 17,361; Ex parte Bininger, Id. 1,420; Ex parte Hall, Id. 5,920.]

In bankruptcy. The question in this case arose upon a point of law made by the counsel for the alleged bankrupts, claiming that fourteen days' suspension of payment of commercial paper by a banker, merchant, or trader, must be accompanied by actual fraud, in order to constitute an act—or even to constitute prima facie evidence of fraud—of bankruptcy, within the meaning of the law. The question was argued, and all the known cases bearing upon this point cited by George G. Sumner and William Shipman, for petitioning creditors, and by Franklin Chamberlain, for the alleged bankrupts, and the following decision and opinion filed by the judge:

SHIPMAN, District Judge. The only question before the court in the present stage of this case is, whether the respondents have committed an act of bankruptcy. A number of their creditors have duly made application to have them declared bankrupts under those clauses of the act relating to involuntary bankruptcy. In their petition the creditors allege that the respondents are merchant traders and manufacturers, and that long before the date of the petition they fraudulently stopped and refused payment of their commercial paper, and have not resumed the same within a period of fourteen days, nor at any time since. There is no dispute about the facts. It is conceded that the respondents have suspended payment of their commercial paper, and have not resumed, and that this suspension has continued without interruption much longer than fourteen days. No explanatory proof is offered by the re-

spondents, and the question arises whether, in this state of the case, the suspension is deemed fraudulent within the meaning of the act of congress. This court, in several uncontended cases, has decided that a suspension under such circumstances was to be deemed prima facie evidence of fraud, at least sufficient to cast the burden of proof on the debtor. This is the view taken by Judge Field, of the United States district court of New Jersey, in the case of Jersey City Window Glass Co., [Case No. 7,292.] It is sufficient to say that I adhere to this view of the law. Whether I should, in a case presented, go further, and concur with the views expressed by Judge Hall in Re Wells, Jr., [Case No. 17,387,] need not now be determined. It follows that a decree declaring the respondents bankrupts must issue.